**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

RAYMOND SALLY,          :
                        :
        Plaintiff,      :       Civil No. 12-3459 (PGS)
                        :
    v.                  :
                        :       **OPINION**
NEW JERSEY PAROLE BOARD,:
et al.,                 :
                        :
        Defendants.     :
---

**APPEARANCES:**

   RAYMOND SALLY, Plaintiff pro se
   429415/450908C
   New Jersey State Prison
   P.O. Box 861
   Trenton, New Jersey 08625

**SHERIDAN**, District Judge

   Plaintiff, Raymond Sally, a state inmate confined at the New Jersey State Prison in Trenton, New Jersey, at the time he filed this Complaint, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff, Raymond Sally, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the New Jersey State Parole Board ("NJSPB"), Lawrence J. Gregorio, Director, Division of Release, and the Honorable Bruce A. Gaeta, J.S.C.. (Complaint, Caption, ¶¶ 1, 4b, 4c). The following factual allegations by Plaintiff are taken from the Complaint, and are accepted for purposes of this screening only.

Plaintiff alleges that he "maxed out" on July 7, 2011, but the NJSPB and Judge Gaeta had the police arrest him because he violated parole. Plaintiff states that he had plead to a 10-year term with a 5-year "stipulation," but Judge Gaeta had imposed a longer sentence. Plaintiff alleges that he is being held against his will after he maxed out on July 7, 2011. (Compl., ¶¶ 4b, 4c, 6).

Plaintiff seeks compensatory damages in the amount of $800.00 per day for every day he is being held against his will, or $300,000.00. (Compl., ¶ 7).

This Court takes judicial notice that Plaintiff filed a mostly identical action against Judge Gaeta in <u>Sally v. Gaeta</u>, Civil No. 12-3163 (FSH).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007) for the proposition that "'[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 556 U.S. at 676). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 678-79; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v.. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). See also Argueta v. .S Immigration & Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011); Bistrian v. Levi, __ F.3d __, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, Iqbal, 556 U.S. at 679).

4

III. ANALYSIS

A. Judicial Immunity

Here, it would appear that Plaintiff brings this action against Judge Gaeta based on an 85% parole disqualifier that the Judge imposed on Plaintiff upon his guilty plea during Plaintiff's state criminal court proceedings. Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit. Mireless v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991). This immunity extends to judges of courts of limited jurisdiction, such as New Jersey municipal court judges. Figueroa v. Blackburn, 208 F.3d 435, 441-43 (3d Cir. 2000). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978). See also Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir. 2000)("an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action is "unfair" or "controversial."); Abulkhair v. Rosenberg, 2012 U.S.App. LEXIS 494, 2012 WL 70649 (3d Cir. Jan. 10, 2012). Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967). Judicial immunity is

an immunity from suit, not just from ultimate assessment of damages.[1] <u>Mireless</u>, 502 U.S. at 11.

There are two circumstances where a judge's immunity from civil liability may be overcome. These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity. The first exception is where a judge engages in nonjudicial acts, <u>i.e.</u>, actions not taken in the judge's judicial capacity. <u>Id.</u>; <u>see also</u> <u>Figueroa</u>, 208 F.3d at 440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction. <u>Mireless</u>, 502 U.S. at 11; <u>Figueroa</u>, 208 F.3d at 440. Neither exception is alleged or applicable in the present case.

Clearly, Plaintiff's claim against Judge Gaeta involved actions that were plainly taken in his judicial capacity as the sentencing judge in Plaintiff's state criminal proceedings. Moreover, Plaintiff alleges no set of facts that would support a claim against Judge Gaeta under 42 U.S.C. § 1983, or other federal statutory or constitutional law. Consequently, the Complaint fails to state a claim and must be dismissed with prejudice in its entirety as to Judge Gaeta.

---

[1] Judicial immunity also shields judges from suit for injunctive relief. <u>See</u> 42 U.S.C. § 1983, (state judges) (abrogating in part <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-42 (1984)).

B. Claims Against Remaining Defendants

Plaintiff alleges that defendants, NJSPB and Director Gregorio, know that his rights are being violated but are "helping Judge [] Gaeta illegally hold [Plaintiff] against his will and they issued parole to [Plaintiff] after he maxed out." (Compl., ¶ 4b). It would appear from these general allegations that Plaintiff is challenging his state court sentence or is seeking his release from prison. If so, Plaintiff must petition for habeas relief after fully exhausting his state court remedies rather than bringing an action for damages against his sentencing judge and the remaining defendants.

Moreover, it appears that Plaintiff has refused to cooperate with the state hearing process for his parole violation (he was arrested on a parole violation, namely, for failure to report), and therefore, has not exhausted his appropriate state remedies before bringing this action.

Therefore, the Complaint will be dismissed without prejudice with respect to defendants, NJSPB and Director Gregorio.

IV. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, as to defendant Judge Gaeta, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(B)(1) and (2). Further, the Complaint will be dismissed without prejudice as to the remaining defendants, NJSPB and Director Gregorio. An appropriate order follows.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 5/20/13